UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER TAYLOR,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT JONES, et al.,<br><br>　　　　　Defendants. | No.  2:15-cv-1907-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING ACTION AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.　Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

1   To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal
2   constitutional or statutory right; and (2) that the violation was committed by a person acting under
3   the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d
4   930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the
5   facts establish the defendant's personal involvement in the constitutional deprivation or a causal
6   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
7   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
8   (9th Cir. 1978).Plaintiff may not sue any official on the theory that the official is liable for the
9   unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
10  He must identify the particular person or persons who violated his rights. He must also plead
11  facts showing how that particular person was involved in the alleged violation.

### III.    Screening Order

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed as frivolous and for failure to state a claim. Plaintiff alleges that he has "given information pertaining to criminal or government violation[s] . . . to Secretary of State, DOJ, US Navy, United Nations, etc." ECF No. 1 at 2. He complains that there was "no follow up" to his complaints and believes he was "discriminated against based on prior criminal conduct . . . ." *Id.* He claims he "even contacted Robert Mueller the third ex FBI Director . . . as well as John Kerry, Board of Equalization, etc." *Id.* at 4. He claims that when he reported an assault by two plain clothes officers, a Marshal "falsely attempted to charge [plaintiff] with the murder of Lacey Peterson." *Id.* at 2. Plaintiff then alleges that his "grandpa was murdered" and states that he "file[d] a portfolio under Mikowlski Wolfe World War II Hero." *Id.* at 3. As relief, plaintiff seeks "diplomatic immunity, or asylum under United Nations." *Id.* at 4. In a supplement to the complaint, plaintiff alleges that an "illegal recording and tracking device may have been placed in [his] body" while he underwent surgery. ECF No. 8 at 9.

The complaint fails to state a claim because it does not link any of the named defendants – Scott Jones, Jerry Brown, and Serna – to the alleged deprivation of plaintiff's rights. Moreover, the failure to respond to any of plaintiff's letters or complaints does not give rise to a claim. In

addition, plaintiff's allegations are plainly frivolous because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989).

Therefore, this action must be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**IV.   Summary**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sheriff of Sacramento County filed concurrently herewith.

3. This action is dismissed as frivolous and for failure to state a claim and the Clerk is directed to terminate all outstanding motions and close the case.

DATED: December 2, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE